[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CLASS CERTIFICATION
On November 3, 1992, 32 named plaintiffs commenced this "class action" on behalf of themselves and all waterfront property owners on the October 1, 1991 Grand List in the City of Milford similarly situated. The named defendants are the City of Milford; William Gaffney, City Assessor; Robert Coyne, former City of Milford Assessor; and David Vodola, Tax Collector of the City of Milford. The plaintiffs have brought this claim pursuant to General Statutes § 12-119. The plaintiffs contend that non-waterfront taxpayers on the October 1, 1991 Grand List have been assessed for less than 70% of the fair market value of their properties. While they, as waterfront property owners, have had their properties assessed for more than 70% of their respective values, as a result of such assessments, the plaintiffs claim that they have suffered disproportionate share of the city's tax burden.
On June 15, 1993 the plaintiffs filed a motion for certification as a class action. Thereafter a memorandum in support of the motion for certification was filed on April 19, 1994. The defendants oppose the plaintiffs' motion and, on February 14, 1995 filed an objection to the plaintiffs' motion for certification as a class action.
Practice Book §§ 87 and 88 outline the requirements necessary for maintaining a class action. Section 87 provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Section 88 further provides that "[a]n action may be maintained as a class action if the prerequisites of § 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
After review and consideration of the facts in this case, the CT Page 3018 court finds that the plaintiffs have not sufficiently satisfied all of the requirements outlined in Practice Book § 87. Particularly the court is not persuaded that the named plaintiffs can adequately and fairly represent the interests of the class. Each named plaintiff has individual tax appeals pending which leads the court to question whether each named plaintiff will withdraw from the other case after his individual claim has been resolved. Several plaintiffs have previously withdrawn for the aforesaid reason; this further demonstrates the validity of the court's concern.
Furthermore, the plaintiffs have not met the Practice Book requirement that common questions of law and fact predominate over individual claims. The assessment of each affected parcel is based on that property's market value making it necessary that a reviewing court consider each property individually in its determination as to whether the current assessment is or is not appropriate. This may require the introduction or additional appraisal evidence on each parcel, rendering any purported class certification efficacious in name only.
For the above reasons, the plaintiffs' motion for class certification is denied.